UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

WILLIE BROWN                              DOCKET NO. 09-cv-1066; SEC. P
    D.O.C. #111065

VERSUS                                    JUDGE DEE D. DRELL

OFFICER KEVIN SLOAN, ET AL.               MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed by pro se Plaintiff **Willie Brown (DOC# 111065)** on June 22, 2009. Plaintiff's motion to proceed in forma pauperis was granted on July 2, 2009. [Doc. #3] Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (LDOC) and is housed at Winn Correctional Center (WCC) in Winnfield, Louisiana. Plaintiff claims that he is entitled to monetary damages for sexual harassment. He names as defendants Officer Sloan, Virgil Lucas, and Corrections Corporation of America.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### FACTS ALLEGED

Plaintiff alleges that Officer Sloan fondled him during a "shakedown" at WCC. He alleges that on April 8, 2008, he initiated a request for administrative remedy, and an investigation was conducted by Chief of Security, Virgil Lucas. Lucas determined

that there was insufficient evidence to support Plaintiff's claim of sexual harassment, and the DOC concurred. Plaintiff submitted a second request for administrative remedy on May 14, 2008, while the first was pending. He states that this request was also denied at the first step, and the DOC never answered his appeal. Plaintiff alleges that Kevin Sloan has since been fired from WCC for sexual harassment, yet Plaintiff's claim was not reopened.

Plaintiff alleges that Officer Sloan violated his right to be free of cruel and unusual punishment when he "sexually fondled" Plaintiff during a shakedown. He claims that Lucas and CCA violated Plaintiff's right to due process through their failure to conduct an adequate investigation and failure to timely respond to his request for administrative remedies.

## LAW AND ANALYSIS

1. Officer Sloan

Plaintiff alleges that he was a victim of sexual harassment by Officer Sloan. Sexual abuse of a prisoner by prison officials may, under some circumstances, violate the prisoner's right to be free of cruel and unusual punishment under the Eighth Amendment. See Boddie v. Schnieder, 105 F.3d 857, 860-61 (2d Cir. 1997). Sexual assault violates the Eighth Amendment only if it meets a two-part test consisting of an objective element and a subjective element. First, the sexual abuse or assault must be objectively **sufficiently serious**; second, the prison officials involved must have acted with

**deliberate indifference**, i.e., a sufficiently culpable state of mind.  See <u>Boddie</u>, 105 F.3d at 861; <u>Harper v. Showers</u>, 174 F.3d 716, 719-720 (5th Cir. 1999); <u>Copeland v. Nunan</u>, No. 00-20063, 2001 WL 274738, *2 (5th Cir. Feb. 21, 2001).  *Not every incident of sexual abuse will meet this test.*  Only "severe or repetitive" sexual abuse rises to the level of an Eighth Amendment violation.  See <u>Boddie</u>, 105 F.3d at 861.

A sexual assault against an inmate by a prison guard without a lasting physical injury may in some cases be actionable under the Eighth Amendment as an act that is offensive to human dignity.  However, not every malevolent touching gives rise to a federal cause of action.  <u>Copeland</u>, 2001 WL 274738, *2 (internal quotations omitted)(citing <u>Hudson v. McMillan</u>, 503 U.S. 1 (1992).  "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" <u>Hudson</u>, 503 U.S. at 9-10 (quoting <u>Whitley v. Albers</u>, 475 U.S. 312, 327 (1986)).  Simply put, a prisoner can not recover under section 1983 for de minimis physical and/or psychological injuries.

Plaintiff claims that on one particular date, Officer Sloan "fondled" him while conducting a shakedown.  Following the reasoning of both <u>Boddie</u>, 105 F.3d at 861 (inmate was allegedly verbally harassed, fondled, and pressed against without his

consent) and <u>Copeland</u>, 2001 WL 274738, *3 (inmate suffered unwanted touching), Plaintiff has failed to state an Eighth Amendment claim. He has not alleged a physical injury; at best, he could allege a *de minimis* psychological injury.  This single incident is not severe enough to be objectively sufficiently serious or egregious to state a constitutional violation.  While the incident, if true, may potentially be the basis of a **state tort action**, such conduct does "not involve a harm of federal constitutional proportions as defined by defined by the United States Supreme Court," especially in the absence of physical or psychological injuries.  <u>See</u> <u>Boddie</u>, 105 F.3d at 861; <u>Copeland</u>, 2001 WL 274738, *3.

Simply put, Plaintiff has alleged an intentional tort rather than the kind of "severe and repetitive" abuse or wanton and sadistic infliction of pain that rises to the level of an Eighth Amendment violation.[1]  Sloan's conduct was similar to the type of conduct that has been held insufficient to establish an Eighth Amendment violation.[2]

---

[1]*Cf. e.g.*, <u>Schwenk v. Hartford</u>, 204 F.3d 1187 (9th Cir. 1999) (repeated requests for oral sex and attempted rape of inmate by prison guard may establish Eighth Amendment claim); <u>U.S. v. Walsh</u>, 194 F.3d 37 (2d Cir. 1999)(officer who repeatedly steps on inmate's penis to wantonly inflict pain violates inmate's right to be free of cruel and unusual punishment); <u>Berry v. Oswalt</u>, 143 F.3d 1127 (8th Cir. 1998)(rape and harassment of inmate, including propositions, sexual comments, and attempts to perform nonroutine pat-downs violated inmate's Eighth Amendment right to be free from cruel and unusual punishment).

[2]<u>See</u>, <u>Washington v. City of Shreveport</u>, 2006 WL 1778756 *6 (W.D. La. June 26, 2006)(citing <u>Berryhill v. Schriro</u>, 137 F.3d

2.   Virgil Lucas

Likewise, Plaintiff fails to state a claim for which relief can be granted against Chief of Security, Virgil Lucas.  Plaintiff alleges that Lucas failed to properly investigate his administrative grievance.   However, an inmate does not have a constitutional right to a grievance procedure at all, and he has no due process liberty interest in having his grievances resolved to his satisfaction. See Geiger v. Jowers, 404 F.3d 371, 374-75 (5th Cir. 2005).   In Geiger, an inmate alleged that officials failed to investigate his grievances regarding mail room and security staff stealing his property.  Geiger, 404 F.3d at 373-74.  The court held that regarding the inmate's claim for "violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous." Id. at 374.  The court held that this was "a legally nonexistent interest" and that "any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless." Id.  Plaintiff's claim against Virgil Lucas should be dismissed.

---

1073 (8th Cir. 1998)(touching of inmate's buttocks by prison employees, though inappropriate and sanctioned by prison, does not violate the Eighth Amendment) and Buckely v. Dallas County, No. 397-CV-1649BC, 2000 WL 502845, *5 (N.D. Tex. April 27, 2000) (prison guards' fondling of inmate in an inappropriate manner while conducting a routine pat-down search and stopping when inmate did not become excited does not violate Eighth Amendment)).

3.   Corrections Corporation of America (CCA)

Finally, Plaintiff's claim against CCA should be dismissed. A private corporation performing a government function is liable under § 1983 only if (1) there is a policymaker who could be held responsible through actual or constructive knowledge for enforcing a policy or custom that caused the claimed injury[3]; (2) the corporation has an official custom or policy which could subject it to §1983 liability[4]; and (3) the claimant must demonstrate that the corporate action was taken with the requisite degree of culpability, and show a direct causal link between the action and the deprivation of federal rights[5].  Plaintiff has failed to present any factual allegations against CCA; the claim against it should be dismissed.

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's claims be **DENIED and DISMISSED as frivolous** under 28 U.S.C. §1915(e)(2)(b).

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and**

---

[3]Piotrowski v. City of Houston, 237 F.3d 567, 578-9 (5th Cir. 2001).

[4]Victoria v. Larpenter, 369 F.3d 475, 482 (5th Cir. 2004).

[5]Victoria, 369 F.3d at 482 (citations omitted).

recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this _____ day of _____, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE